# Court of Appeals
# of the State of Georgia

ATLANTA,  July 02, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1851. URIAH SHARP et al. v. NELLUFAR ELLE HICKS.

The plaintiffs in this automobile collision case filed a direct appeal from the trial court's order granting defendant Nellufar Elle Hicks's motion to enforce a settlement agreement. No final judgment has been entered in the case. Hicks has moved to dismiss the appeal for lack of jurisdiction. For reasons that follow, we agree with Hicks that we lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order granting a motion to enforce a settlement agreement "is not final until the trial court expressly enters final judgment on that order." *Thomas v. Sheppard*, 349 Ga. App. 871, 871 (827 SE2d 60) (2019) (citation and punctuation omitted); see also *Torres v. Elkin*, 317 Ga. App. 135, 139(1) (730 SE2d 518) (2012) ("[N]otwithstanding the trial court's grant of a motion to enforce a settlement, a case is not at an end until such time as the agreement has been made the judgment of the court, thereby terminating the litigation.") (citation and punctuation omitted).

As the plaintiffs recognize, no final judgment has been entered in the case.[1] Consequently, the plaintiffs were required to follow the interlocutory appeal procedure, including obtaining a certificate of immediate review from the trial court,

---

[1] In their notice of appeal, the plaintiffs stated that while they understand the trial court's order is interlocutory, they nonetheless filed a direct appeal "in an abundance of caution." Further, the plaintiffs sought a certificate of immediate review from the trial court, which declined to issue one.

to appeal the order granting the motion to enforce the settlement agreement. See OCGA § 5-6-34(b). The plaintiffs' failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this appeal. Hicks's motion to dismiss is therefore GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/02/2026

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*